UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN J. SUAVE,

        Plaintiff,

                                      CASE NO. 2:13-CV-12637
v.                                      HONORABLE GERALD E. ROSEN

ARRESTING AGENCY OF MICHIGAN,

        Defendant.
_____/

ORDER OF SUMMARY DISMISSAL

       Plaintiff James Alan J. Suave, a Canadian Citizen and an inmate at the Keen Mountain Correctional Center, located in Oakwood, Virginia, is suing the "Arresting Agency of Michigan" under 42 U.S.C. § 1983 for allowing his extradition from Michigan to the Commonwealth of Virginia. Plaintiff alleges that neither the Governor of Michigan nor the Canadian Consulate Office was informed of his extradition from Michigan to Virginia as required by federal and international law. Plaintiff does not state the charges under which Virginia sought extradition, nor does he state what sort of relief he seeks other than to state he seeks to "redress proceedings of arrest."

       Under the Prison Litigation Reform Act of 1996 (the "PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff's claims involving the defendant's failure to extradite him in compliance with formal extradition procedures fails to state a claim upon which § 1983 relief can be granted.

A government official's failure to comply with formal extradition procedures does not deprive a fugitive of a protected federal right so as to support a § 1983 action. *Barton v. Norrod*, 106 F. 3d 1289, 1295 (6th Cir. 1997); *cert. den.* 118 S. Ct. 341 (1997); *Johnson v. Doe*, 2000 U.S. App. LEXIS 24860 (6th Cir. Mich. Sept. 19, 2000). Neither the extradition clause of the federal constitution nor the federal extradition statute purports to confer any rights on a fugitive; rather, these laws confer rights and duties on the executive authorities of the various states. The purpose of the extradition clause of the United States Constitution and the federal extradition statute is to benefit the demanding state seeking the fugitive and specify the duties of the asylum state. *Barton v. Norrod*, 106 F. 3d at 1296, fn. 6.

Because the various extradition laws do not confer any constitutional rights upon plaintiff, the failure by the defendants to follow formal extradition procedures does not support a claim under 42 U.S.C. § 1983. In addition, because plaintiff has already been extradited to Virginia, his right to challenge the extradition is moot because he is no longer being detained by the State of Michigan or any of the other defendants and thus, the legality of his detention is no longer at issue. *Barton v. Norrod*, 106 F. 3d at 1298. Moreover, if the fugitive is subsequently convicted in proceedings where due process was afforded him, no cause of action can be sustained under § 1983 for the alleged violation of civil rights in the course of the extradition. *Martin v. Sams*, 600 F. Supp. 71, 72-73 (E.D. Tenn. 1984)(citing *Crawford v. Lydick*, 280 F. 2d 426 (6th Cir. 1960); *cert. denied* 364 U.S. 849 (1960)). Plaintiff has therefore failed to state a claim upon which relief can be granted.

For these reasons,

**IT IS HEREBY ORDERED** that Plaintiff's complaint is hereby **DISMISSED**, pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that any appeal from this order would be frivolous and not in good faith. Therefore, leave to appeal in forma pauperis, will be **DENIED**.

                          s/Gerald E. Rosen
                          Chief Judge, United States District Court

Dated: July 12, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 12, 2013, by electronic and/or ordinary mail.

                          s/Julie Owens
                          Case Manager, (313) 234-5135